THE CITY OF GREENVILLE

*v.*

MATTHEW HENRY.

EVIDENCE—*relative weight of—positive and negative.* On the trial of an action against a city to recover for an injury received from a defect in a culvert, the court instructed the jury: "that positive evidence is entitled to more weight than negative evidence; and that if twelve men were in a room where there was a clock, and one of them should swear he heard the clock strike, and the eleven should swear they did not hear it strike, then the jury, in such a case, should give a judgment for one against the eleven; and if Henry Alfred and Mrs. Gibson swear they saw a hole in the culvert in question, and twice as many witnesses, equally as credible, say they did not see holes in the culvert, then positive evidence should be taken by the jury:" *Held*, that the instruction was objectionable, and not apt as an illustration, as it omitted the element of the reasonableness of the fact testified to.

WRIT OF ERROR to the Circuit Court of Bond county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

This was an action on the case, brought by Matthew Henry against the city of Greenville, to recover for personal and

other injuries, occasioned by a defective culvert alleged to have been within the city limits. On the trial the court gave the following, among other instructions, for the plaintiff:

"The court instructs the jury, that positive evidence is entitled to more weight than negative evidence; and that if twelve men were in a room where there was a clock, and one of them should swear he heard the clock strike, and the eleven should swear they did not hear it strike, then the jury, in such a case, should give a judgment for one against the eleven; and if Henry Alfred and Mrs. Gibson swear they saw a hole in the culvert in question, and twice as many witnesses, equally as credible, say they did not see holes in the culvert, then positive evidence should be taken by the jury."

Messrs. HENRY & FOUKE, for the plaintiff in error.

Messrs. MOULTON & CHAFFEE, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The question whether this culvert was within the corporate limits of the city of Greenville, and whether it had been out of repair a length of time sufficient to have enabled its authorities to ascertain its condition, were mooted points before the jury, and about which there was conflicting testimony. Under such circumstances we would not disturb a verdict, unless it was clearly against the weight of evidence, which can not be alleged of this verdict.

Objection is made to the first instruction given for the defendant in error. We think it was objectionable as given.

The proposition is not true, as stated. If a person, being in a room with others, should testify that a clock in the same room, and in good order, the hands of which pointed to "twelve," actually struck "forty," and the others, having a chance equally as favorable to see and hear the striking, should testify they did not hear it, the testimony of the latter should outweigh that of the single person, for the fact to

which he testified was neither reasonable nor probable. The instruction, as given, was not apt as an illustration, wanting the element of reasonableness or probability of the fact to which he testified. *Chicago and Alton Railroad Co.* v. *Gretzner*, 46 Ill. 74. But it could not have misled the jury, in view of the testimony before them.

There being no substantial error pointed out, the judgment must be affirmed.

*Judgment affirmed.*